UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WARREN BROOKS,                    §
    Plaintiff,                §
                            §
v.                                §        CIVIL ACTION NO. H-10-0818
                            §
AAA COOPER TRANSPORTATION,         §
    Defendants.               §

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion to Amend the Docket
Control Order [Doc. # 23] ("Motion").  Plaintiff filed his Motion on December 30,
2010, seeking to extend the December 31, 2010 discovery deadline and the January
14, 2011 deadline for dispositive motions.  In his Motion, Plaintiff did not identify any
particular additional discovery needed.  Defendant opposes the Motion [Doc. # 37].
Plaintiff neither filed a reply nor requested additional time to do so.  Having
considered the full record and the applicable legal authorities, the Court **denies**
Plaintiff's Motion.

"Rule 16(b) provides that once a scheduling order has been entered, it 'may be
modified only for good cause and with the judge's consent.'"  *Marathon Financial
Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting Fed. R. Civ.
P. 16(b)).  Rule 16(b) requires a party "to show that the deadlines cannot reasonably

be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

The Court concludes that good cause does not exist under Rule 16(b) to modify the scheduling order.  Plaintiff filed his Motion on December 30, 2011, one day prior to the expiration of the discovery deadline.  He requested that the discovery and motions deadlines be extended because he had recently retained counsel.  Plaintiff's counsel was admitted *pro hac vice* on December 3, 2010.  Plaintiff does not explain why he waited to file his Motion until one day prior to the discovery deadline.  This weighs against extending the deadlines.

In his Motion, Plaintiff also offers no explanation as to why extending the deadlines is important.  Plaintiff seeks extension of the deadlines only because he recently retained counsel.  Plaintiff does not identify any particular additional discovery sought, nor how he might be prejudiced by failure to amend the scheduling order.  Further, in responding to Defendant's Motion for Summary Judgment, Plaintiff

did not request any specific additional discovery.  Nor did Plaintiff identify in his Motion or a reply to Defendant's opposition any additional discovery needed to respond to Defendant's pending summary judgment motion.  Accordingly, this factor weighs heavily against allowing modification of the scheduling order.

The Court concludes that Defendant will suffer prejudice if the scheduling order is amended.  On January 14, 2011, Defendant filed a timely Motion for Summary Judgment [Doc. # 25].  On February 4, 2011, Plaintiff filed a timely Response in Opposition [Doc. # 39].  As indicated above, Plaintiff did not request any additional discovery or identify any additional discovery sought in this Response, as permitted by Rule 56(d) of the Federal Rules of Civil Procedure.  Defendant's Motion for Summary Judgment will be ripe for decision on February 11, 2011.  Conducting unspecified additional discovery, which might require Defendant to file a duplicative Motion for Summary Judgment would significantly prejudice Defendant.  Therefore, this factor weighs heavily against allowing modification.

The prejudice related conducting unspecified additional discovery cannot be cured by extending the current deadlines.  Indeed, the prejudice would be caused by extending the deadlines.  Additionally, the Court has "broad discretion to preserve the integrity and purpose of the pretrial order."  *S&W Enters.*, 315 F.3d at 535 (citations omitted).  The Court in this case exercises its discretion to preserve the integrity of the

current Docket Control Order and, therefore, declines to extend the discovery and motions deadlines.

Based on the foregoing analysis, the Court concludes that Plaintiff has not shown good cause under Federal Rule of Procedure 16(b) to modify the docket control order.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Amend the Docket Control Order [Doc. # 23] is **DENIED.**

SIGNED at Houston, Texas, this **10th** day of **February, 2011**.

Nancy F. Atlas
United States District Judge